IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

CASE NO. 17-CV-14067

PATRICIA KENNEDY,  )
  )
    Plaintiff,  )
  )
v.  )
  )
RELIANCE PETROLEUM COMPANY, INC.,  )
MACMILLAN REAL ESTATE, LLC.,  )
and CITGO FOOD MART 1, LLC.,  )
  )
    Defendants.  )
  )
_____)

## COMPLAINT

Plaintiff PATRICIA KENNEDY (**"Plaintiff"**) pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**"), the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), Florida Americans with Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction sections 553.501–553.513, Florida Statutes, including the Florida Building Code Chapter 11 ("**FAC**"), hereby sues Defendants RELIANCE PETROLEUM COMPANY, INC. ("**Defendant Reliance Petroleum**"), MACMILLAN REAL ESTATE, LLC ("**Defendant MacMillan**"), and CITGO FOOD MART 1, LLC ("**Defendant Citgo Food Mart**") (**Collectively** "**Defendants**") for injunctive relief and states:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. This Court also has supplemental jurisdiction over all State law claims pursuant to 28 U.S.C. § 1367(a) for Plaintiff's claims under the FAC.

3. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

4. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of Broward County, Florida.

5. Plaintiff is a qualified individual under the ADA and the FAC because she is a disabled individual who has physical impairments that substantially limits one or more major life activities.

6. Specifically, Plaintiff has physical impairments that require her to use a wheelchair to ambulate.

7. Defendant Reliance Petroleum is Foreign Profit Corporation authorized to and doing business in the State of Florida.

8. Defendant Reliance Petroleum is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 6900 Okeechobee Road, Fort Pierce, Florida 34945 (the "**Subject Premises**" or "**Facility**")

9. Defendant MacMillan is a Florida Limited Liability Company doing business in Saint Lucie County, Florida.

10. Defendant MacMillan is the owner, lessee or operator of the **gas station** known as Citgo Gas Station located on the Subject Premises with the specific address 6900 Okeechobee Road, Fort Pierce, Florida 34945.

11. Defendant Citgo Food Mart is a Florida Limited Liability Company doing business in Saint Lucie County, Florida.

12. Defendant Citgo Food Mart is the owner, lessee or operator of the store known as Citgo Food Mart 1 located on the Subject Premises with the specific address 6900 Okeechobee Road, Fort Pierce, Florida 34945.

## GENERAL ALLEGATIONS

13. The Subject Premises are places of public accommodation under the ADA and ADAAG because they are a gas station and a store.

14. As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

15. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

16. Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

17. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and FAC and discriminating against individuals with disabilities.

18. In or about 2016, Plaintiff visited the Subject Premises to conduct business and encountered architectural barriers to access the Subject Premises.

19. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, she was subjected to discrimination by Defendants on the basis of her disability due to Defendants' ADA and FAC violations.

20. Plaintiff was not able to access the parking lot, path of travel, and public restroom.

21. Plaintiff intends to return to the Subject Premises once the barriers violating the ADA and the FAC are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises and therefore cannot provide an exact date he will return the Subject Premises.

22. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA and the FAC, unless the injunctive relief requested herein is granted.

23. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA and the FAC by Defendants if said violations are not corrected and made compliant.

24. Plaintiff is also a tester for the purpose of asserting her civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

25. Plaintiff intends to visit the Subject Premises again, not only to conduct business, but to assure herself that the Subject Premises is in compliance with the ADA and the FAC thus ensuring that individuals with disabilities, including herself, will have full and equal enjoyment of the property without fear of discrimination.

26. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA and the FAC because she intends on returning to the Subject Premises in the near future.

27. Defendants have discriminated and continue to discriminate against Plaintiff by denying her access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

28. Defendants are in violation of the ADA, ADAAG, and FAC and are discriminating against Plaintiff as a result of the following violations:

### **DEFENDANT RELIANCE PETROLEUM COMPANY, INC. AND DEFENDANT MACMILLAN**

### **Parking & Exterior Elements**

a. Signage at the accessible parking space does not comply with the Florida Statute requirement regarding notice of the fine amount.
b. The designated accessible parking space does not have a marked access aisle.
c. The designated accessible parking space has excessive slope.
d. The path from the designated accessible parking space to the main entrance of the facility contains excessive change in level and lacks a ramp, curb ramp and edge protection

### **External Path of Access to Main Entrance**

e. The transition along the path of access contains an excessive change in level and excessive concrete separation (opening).

### **DEFENDANT RELIANCE PETROLEUM COMPANY, INC. AND DEFENDANT MACMILLAN AND DEFENDANT CITGO FOOD MART**

### **Interior**

f. The service counter does not provide a lowered section.
g. The aisle leading to restroom is too narrow to allow a wheelchair to traverse due to the presence of display items, thus making the restroom inaccessible to an individual in a wheelchair.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

**Restroom**

h. There is insufficient clear floor space at the commode in which to effectuate a safe transfer from a wheelchair due to an apparent policy and procedure whereby the garbage can is routinely placed within the otherwise required clear floor space between the commode and the lavatory.
i. The door knob to the restroom door is mounted above reach parameters.
j. The lock mechanism at the door requires tight grasping and twisting.
k. The rear grab bar at the commode is too short and improperly placed.
l. The side wall grab bar at the commode is too short.
m. The pipes underneath the lavatory are not insulated.

29. The discriminatory violations described herein may not be an exclusive list of Defendants' ADA and FAC violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA and FAC violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

30. By encountering the discriminatory conditions at the Subject Premises, and knowing that it would be a futile gesture to return to the gas station and store unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

31. By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

32. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

33. Plaintiff demands a non-jury trial on all issues to be tried herein.

### COUNT I—CLAIM FOR INJUNCTIVE RELIEF
**(Against all Defendants for ADA Violations)**

34. Plaintiff re-avers and incorporate paragraphs 1–33 as if fully set forth herein.

35. This action arises pursuant to the ADA.

36. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and has otherwise been discriminated against and damaged by Defendants because of their existing ADA violations.

37. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

38. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

39. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

40. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendants RELIANCE PETROLEUM COMPANY, INC., MACMILLAN REAL ESTATE, LLC, and CITGO FOOD MART 1, LLC from continuing their discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendants to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

### COUNT II—CLAIM FOR INJUNCTIVE RELIEF
**(Against all Defendants for FAC Violations)**

41. Plaintiff re-avers and incorporates paragraphs 1–33 as if fully set forth herein.

42. This is an action for injunctive relief pursuant to FAC.

43. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendants because of the Subject Premises' existing FAC violations.

44. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the FAC.

45. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

46. By continuing to operate the Subject Premises with discriminatory conditions in violation of the FAC, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

47. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the FAC, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendants RELIANCE PETROLEUM COMPANY, INC., MACMILLAN REAL ESTATE, LLC, and CITGO FOOD MART 1, LLC from continuing their discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the FAC, ordering Defendants to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 1st day of March, 2017.

**[SIGNATURE BLOCK ON NEXT PAGE.]**

                      Respectfully submitted,

By:    s/ Rafael Viego III
          Rafael Viego III, Esq.
          Florida Bar. No. 60967
          **FEDERAL DISABILITY ADVOCATES**
          *Attorneys for Plaintiff*
          4300 Biscayne Boulevard, Suite 305
          Miami, Florida 33137
          Telephone:  (305) 717-7530
          Facsimile:  (305) 717-7539
          E-mail:  rviego@jltrial.com
          E-mail:  eservice@jltrial.com

MEL/RV/lp
0011.018